UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ATAIN SPECIALTY INSURANCE | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 15-6803 |
| | * | |
| GAYLE BOURGEOIS, ET AL. | * | SECTION "L" (3) |

**ORDER & REASONS**

Defendants Patty Stone, the City of New Orleans, and Arts Center Enterprises – New Orleans, LLC, have each filed Motions to Dismiss the present action. R. Docs. 12, 13, 14. Having reviewed the briefs and the applicable law, the Court now issues this Order and Reasons.

I. **BACKGROUND**

This case arises out of an accident that occurred at the Mahalia Jackson Theater on May 30, 2015. R. Doc. 1 at 3. Defendant Stone attended the theater to view the dance recital of her granddaughter. R. Doc. 1 at 3. Stone left her seat during intermission, and when she attempted to return she found the theater to be completely dark. R. Doc. 1 at 3–4. According to Stone, she fell on her way back to her seat, broke her left ankle, and sprained her right ankle. R. Doc. 1 at 4. Stone subsequently filed a lawsuit seeking damages for her ankle injuries in Civil District Court for the Parish of Orleans, Civ. A. No. 2015-6012, on July 8, 2015. R. Doc. 1-2 at 1. Stone asserted several theories of liability against ACE-NO and the City of New Orleans, including failure to warn, failure to provide adequate lighting, and other acts of negligence. R. Doc. 1-2 at 2–3. The case was later removed to federal court on the basis of diversity jurisdiction, and then remanded due to the addition of a non-diverse Defendant, the City of New Orleans. R. Doc. 1 at 4 n. 1. Atain was added to the state court lawsuit on January 20, 2016, on the grounds that GMDS is a "named insured" of Atain, and that ACE-NO and the City of New Orleans are "additional insureds" under the policy. R. Doc. 9-7 at 4.

1

Plaintiff Atain Specialty Insurance Company ("Atain") seeks a declaratory judgment that it has no obligation to defend or to indemnify Defendants City of New Orleans and Arts Center Enterprises – New Orleans, LLC ("ACE-NO") against any claims asserted by Defendants Patty Stone and Gayle Bourgeois/Gayle McDonald Dance Studio ("GMDS"). R. Doc. 1 at 1. Plaintiff also seeks declaratory judgment that it has no obligation to defend Defendants Stone and Bourgeois against any claims that may be brought against them by ACE-NO. R. Doc. 1 at 1. Plaintiff invokes this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. R. Doc. 1 at 3.

A case concerning the instant matter is also pending in state court. As of now, all parties to the federal action are also parties to the state action, and the indemnity issue presented by Atain's declaratory judgment action is also pending in the state action. Notably, both Stone and ACE-NO signaled to Atain that Atain had an interest in the state court action before Atain filed the present federal court case. On October 8, 2015, ACE-NO sent a letter to GMDS/Atain requesting defense and indemnity in relation to the state court case. R. Doc. 9-3. On November 23, 2015, ACE-NO again wrote to Atain and GMDS, asking that Atain tender defense and indemnity for ACE-NO, because ACE-NO was an additional insured under the insurance policy issued to GMDS. R. Doc. 9-6 at 1. ACE-NO also stated that it considered Atain liable for GMDS's alleged wrongs. R. Doc. 9-6 at 2–3. Twenty-two days after receiving Stone's letter, Atain filed the instant action seeking a judicial declaration that Atain "has no obligation to defend or indemnify ACE-NO," and that "Atain has no obligation to defend or indemnify GMDS." R. Doc. 1 at 1.

## II. PRESENT MOTIONS

### A. Defendants' Motions to Dismiss (R. Docs. 12, 13, 14)

Defendants move to dismiss or stay the federal action, on the grounds that the Court should employ *Brillhart* abstention and use its discretion to allow Atain's indemnity question to

be decided in state court. R. Docs. 12-1 at 3, 13-1 at 1–2, 14-1 at 4.[1]  Defendants cite the Fifth Circuit's *Trejo* factors, and argue the following factors weigh in favor of abstention.

Defendants aver that the first *Trejo* factor, the existence of a pending state court action in which all of the matters in controversy may be litigated, weighs in favor of abstention. Defendants state that Atain's insurance coverage question is at issue in the state court action. Defendants further contend that the issue of coverage will be adjudicated as to all parties in the state court action. R. Docs. 12-1 at 5–6, 14-1 at 5–6.

Defendants characterize the second, third, and fourth *Trejo* factors as equitable factors of forum selection, and argue that all three weigh in favor of abstention. R. Docs. 12-1 at 4–6, 14-1 at 6–7. According to Defendants, the second factor is implicated because Atain filed the federal suit in anticipation of a state lawsuit. R. Docs. 12-1 at 6, 14-1 at 6. The Defendants suggest that the third factor of forum shopping is implicated, because the federal suit was filed mere days after the state court action was remanded to state court. R. Doc. 12-1 a 6, 14-1 at 6. Regarding the fourth factor, Defendants aver that they will suffer equitable prejudice due to the different timetables posed by the federal suit and the state suit.

Defendants emphasize judicial efficiency in their discussion of the fifth and six factors. R. Doc. 12-1 at 5. Defendants concede that the convenience of the forum is neutral in terms of judicial efficiency, because both this Court and the state court are located in New Orleans. R. Docs. 12-1 at 6, 14-1 at 7. In contrast, Defendants contend that the sixth factor is very weighty. Defendants argue that retention of the federal suit will not serve the purposes of judicial economy, because it would be a cost extensive time and money to prosecute two cases regarding the same issue. R. Doc. 12-1 at 7; 14-1 at 7.

---

[1] Defendant City of New Orleans provides little analysis of its own, and respectfully joins Defendant Stone's Motion to Dismiss. R. Doc. 13-1 at 1.

3

### B. Atain's Opposition (R. Doc. 15)

Atain timely responds. R. Doc. 15. Atain agrees with Movants that the *Trejo* factors control this motion, but Atain avers that the factors instead point towards this Court's retention of the present case.

Atain argues that the first *Trejo* factor weighs against abstention because the state court and federal court actions concern different matters. Atain writes that the state court action primarily concerns a tort dispute, and that the federal court action concerns questions of contract. R. Doc. 15 at 5–6. Atain also takes the position that "the contract-based claims at the crux of the instant lawsuit are not at issue in the State Court Lawsuit." R. Doc. 15 at 5. Atain supports this argument by stating that "ACE-NO has not even made a claim against GMDS or Atain in the State Court lawsuit." R. Doc. 15 at 5.

Atain avers that the second *Trejo* factor is also in Atain's favor. Atain claims that it did not file in anticipation of a lawsuit, because Stone never communicated an intention to file against Atain in state court. Atain concedes that ACE-NO requested defense and indemnity in the state court lawsuit prior to the filing of Atain's declaratory judgment action. R. Doc. 15 at 5. But Atain argues that this "general threat of litigation . . . is simply insufficient" to prove that Atain filed the federal court case in anticipation of being brought into the state court action.

Atain addresses the third, fourth, and sixth *Trejo* factors, and finds that each of these also points towards retention of the instant lawsuit. R. Doc. 15 at 6–8. Atain takes the position that the third *Trejo* factor weighs against abstention, because if Atain wanted to forum shop "it could have filed this matter in Michigan." Atain contends that the fourth *Trejo* factor supports retention, because no party "will be prejudiced" by the resolution of the insurance coverage question in federal court. R. Doc. 15 at 7. Regarding the sixth *Trejo* factor, Atain argues that the instant suit will serve the interests of judicial economy, because the present suit may be settled

on the basis of summary judgment.  R. Doc. 15 at 7–8.

### III. LAW AND ANALYSIS

#### A. *Brillhart* Abstention

In *Brillhart v. Excess Insurance Company of America*, the Supreme Court held that a district court entertaining a declaratory action "should ascertain whether the questions in controversy between the parties to the federal suit . . . can be better settled in the state court." 316 U.S. 491, 495 (1942).  The doctrine of *Brillhart* abstention is based on this simple axiom, and the Fifth Circuit later fleshed out this principle by holding that a district court considering a declaratory judgment action "must engage in a three-step inquiry."  *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).  The "district court must determine: (1) whether the declaratory judgment action is justiciable; (2) whether the court has the authority to grant the declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003).  The third step is the only issue in controversy between the parties.

#### B. Discussion of the *Trejo* Factors

At its heart, *Brillhart* abstention concerns whether a federal suit "can be better settled in the state court."  *See Brillhart*, 316 U.S. at 495.  The *Trejo* factors provide the Fifth Circuit's framework for determining whether a case would be "better settled" elsewhere.  *Id.*  The Fifth Circuit employs seven nonexclusive factors for this purpose.[2]  *See Trejo*, 39 F.3d at 585.  These factors are:

> (1) Whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping

---

[2] *Trejo* was decided before the Supreme Court's most recent case on *Brillhart* abstention, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282–83 (1995).  The Fifth Circuit continues to employ the *Trejo* factors in the wake of *Wilton*.

> in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, . . . 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy, and . . . [7)] whether the federal court is being called on to construe a state judicial decree . . . .

*Trejo*, 39 F.3d at 590–91 (internal citations omitted). The Court addresses each *Trejo* factor in turn, with an eye towards where this case would be best settled.

The Court finds that the first factor leans towards abstention, because there is a parallel "pending state action in which all of the matters in controversy may be fully litigated." *Trejo*, 39 F.3d at 590. "[T]he presence or absence of a pending parallel state proceeding is an important factor." *Sherwin-Williams*, 343 F.3d at 394. The first *Trejo* factor expresses a dual concern with principles of comity and efficiency. *Id.* at 391. Atain concedes that the parties to the action are the same, but Atain denies that the scope of coverage is at issue in the trial currently pending before the state court. R. Doc. 15 at 4–5. The Court finds the latter assertion, at best, misleading. Atain is correct that neither ACE-NO nor GMDS has filed suit against Atain in the state court action. However, the face of the state court and federal court Complaints indicate that the questions in controversy overlap. In the state court Complaint, Stone alleges that:

> At all material times, Atain had issued and outstanding a policy of liability insurance wherein GMDS was a named insured, together with its agents, servants and employees, rendering attain solitarily (sic) liable with GMDS. On information and belief, ACENO and the City of News Orleans are additional insureds on said policy. R. Doc. 9-7 at 4.

Therefore, Stone's state court allegation raises two legal questions regarding Atain: (1) whether Atain is liable to GMDS as a named insured; and (2) whether ACE-NO and the City of New Orleans are additional insureds on the GMDS policy.

Turning to Atain's federal declaratory action, Atain asks this Court to issue "a judicial

declaration that Atain has no obligation to defend or indemnify ACE-NO or the City of New Orleans from any claims asserted by Stone . . . [and] a judicial declaration that Atain has no obligation to defend or indemnify GMDS in relation to claims made against them by ACE-NO." R. Doc. 1 at 1.  Atain then points to the insurance policy at issue, and claims that: (1) Atain is not liable to GMDS as a named insured because of the contract's "Contractual Liability Exclusion;" and (2) that Atain is not liable to ACE-NO and the City of New Orleans because they do not qualify as additional insureds under the policy.  R. Doc. 1 at 7–15.

The first *Trejo* factor leans heavily towards abstention, because Atain's argument that the state court will not address the questions presented in Atain's declaratory action lacks merit. Simply put, both cases call for a court to determine whether: (1) GMDS is covered as a named insured, and (2) if ACE-NO and the City of New Orleans qualify as additional insureds.  The first *Trejo* factor command to defer to state court actions where

The Court finds that the second *Trejo* factor weighs in favor of abstention, because Atain's suit was filed in anticipation of litigation.  *See Trejo*, 39 F.3d at 591–92.  A district court analyzing the second *Trejo* factor must consider the timing of the filing of the federal action carefully, because the plaintiff seeking a declaratory judgment may merely be "assert[ing] its rights under the declaratory judgment statute and diversity jurisdiction."  *Sherwin-Williams*, 343 F.3d at 398 (quoting *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 494 (4th Cir. 1998)). And "to the extent the federal suit was filed in anticipation of a separate state determination of the scope of the insurance provisions, [seeking clarification of an insurance policy] is a permissible purpose under the DJA."  *Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 Fed. Appx. 159, 167 (5th Cir. 2015).  However, the timing of the instant action shows that Atain clearly filed in anticipation of litigation.  Atain's declaratory judgment suit was filed days after the state court action was remanded to federal court, R. Doc. 12-1 at 5, and the facts indicate that

7

Atain was on notice that a party to the state court action considered Atain liable to ACE-NO, the City of New Orleans, and GMDS. R. Doc. 14-1 at 6. Therefore, the second factor suggests this Court should abstain.

The third *Trejo* factor of discouraging forum shopping weighs mildly against abstention. The Fifth Circuit has held that the behavior of insurance providers such as Atain does not necessarily constitute forum shopping. *See Sherwin-Williams*, 343 F.3d at 398 ("[W]e know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage.") (internal citations omitted); *see also Ironshore*, 624 Fed. Appx. at 167 (holding that the district court properly found no indication that the plaintiff-insurer was forum shopping when the plaintiff-insurer brought a declaratory judgment action in federal court). However, as noted *supra*, Atain filed the instant action days after the state court case was remanded to state court. This behavior suggests that Atain intended to forum shop, and *Trejo* commands that this behavior should be discouraged. Atain's argument that Atain could have forum shopped in Michigan is beside the point; even in-state forum shopping raises a cognizable threat to the federal and state judiciaries. The Court therefore finds that the context of Atain's filing outweighs the procedural validity of an insurer seeking clarification of its insurance policy in federal court, and therefore the third factor weighs in favor of abstention.

The fourth *Trejo* factor, potential inequities due to precedence in time or forum, weighs towards abstention. *See Trejo,* 39 F.3d at 591. Atain appears to be attempting to gain an advantage regarding the scope of the insurance policy's coverage by racing to judgment in federal court. Atain concedes that it intends to file a summary judgment motion soon after this Court disposes of the instant Motions to Dismiss. R. Doc. 15 at 8-9. This Court's finding regarding the scope of Atain's coverage will be preclusive on the issue in state court, and Atain's

"first to the finish line" strategic behavior is contrary to the values of fairness underlying *Brillhart* abstention doctrine. *See Sherwin-Williams* 343 F.3d at 397 (characterizing this factor as one of the "Fairness Concerns of Forum Selection"). However, the Court finds no potential for inequity beyond temporal concerns. Therefore, this factor weighs somewhat lightly towards abstention.

The sixth[3] *Trejo* factor, whether retaining the lawsuit would serve the purposes of judicial economy, also suggests that the Court should abstain. Piecemeal litigation does not serve the interests of the judiciary. Further, this federal action is in its nascent stages, so the economy interest in preserving this federal action is slight. *See Ford v. Monsour*, Civ. A. No. 11-1232, 2011 WL 4808173, at *6 (W.D. La. Oct. 2011) (finding that the economy interest in preventing piecemeal litigation outweighed the economy interest in preserving a federal action when the parties had merely served Requests for Admissions, Interrogatories, and Requests for Production of Documents). Atain's assertion to the contrary is premature. It would be inappropriate for the Court to take Atain at its word that this declaratory action will be resolved on a motion for summary judgment. No principle of law suggests that the interpretation of an insurance contract may not present questions of fact appropriate for trial. *See, e.g.*, *State Farm Fire & Cas. Co. v. Lezina*, Civ. A. No. 15-1417, 2016 WL 909516 (E.D. La. Mar. 10, 2016). For these reasons, the sixth *Trejo* factor also supports abstention.

Upon review of the *Trejo* factors, the Court finds that the first, second, third, fourth, and sixth *Trejo* factors call for this Court's abstention. The fifth and seventh factors are either neutral or irrelevant. Due to the one-sided outcome of the Court's balancing, the Court finds dismissal to be more appropriate than a stay of the present action.

---

[3] The Court's opinion does not discuss the fifth and seventh *Trejo* factors in detail, as they are clearly neutral on these facts.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motions to Dismiss, R. Docs. 12, 13, 14, are hereby **GRANTED**.

New Orleans, Louisiana, this 6th day of April, 2016.

                                                           UNITED STATES DISTRICT JUDGE